UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mary B. Low and Thomas Low, ) | Civil Action No.: 4:13-3396-BHH |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| VantageSouth Bank successor by ) | |
| merger to The East Carolina Bank, ) | |
| Carolina Bank, and A. Joseph ) | |
| McNutt, Jr, d/b/a McNutt Appraisal, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiffs Mary B. Low and Thomas Low ("the plaintiffs") brought this action against the defendants VantageSouth Bank, Carolina Bank, and A. Joseph McNutt, Jr, d/b/a McNutt Appraisal ("the defendants") alleging state law claims of violation of the South Carolina Unfair Trade Practices Act (SCUTPA), fraud, fraud in the inducement, civil conspiracy, negligence, gross negligence, negligent misrepresentation, breach of fiduciary duty, breach of contract, violation of the South Carolina Consumer Protection Code, and constructive fraud. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Thomas E. Rogers for pretrial handling and a Report and Recommendation, because the defendant A. Joseph McNutt, Jr, d/b/a McNutt Appraisal ("defendant McNutt"), is proceeding *pro se*. Magistrate Judge Rogers recommends that the plaintiff's motion to remand (ECF No. 11) be granted and this action be remanded to the South Carolina Court of Common Pleas, Horry County, for disposition. The Report and

1

Recommendation sets forth in detail the relevant facts and standards of law and the Court incorporates them without recitation.

## BACKGROUND

On July 16, 2014, the Magistrate Judge issued a Report and Recommendation recommending that the plaintiff's motion to remand (ECF No. 11) be granted and this action be remanded to the South Carolina Court of Common Pleas, Horry County, for disposition   On August 4, 2014, the defendants VantageSouth Bank and Carolina Bank (the "Bank Defendants") filed objections to the Report and Recommendation (ECF No. 51) and the plaintiffs filed a reply (ECF No. 56).

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation (the "Report") to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection,

the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Bank Defendants raise two objections to the Magistrate Judge's Report and Recommendation (the "Report"). First, the Bank Defendants argue that the Magistrate Judge erred in declining to find that the plaintiffs' claims against the defendant Joseph McNutt ("McNutt") are precluded by the statute of limitations, and that McNutt was fraudulently joined. Second, the Bank Defendants argue that the Financial Institutions Reform, Recover, and Enforcement Act of 1989 ("FIRREA") is the basis for the plaintiffs appraisal based claims, and that the Magistrate Judge erred in finding no federal question. The Court has conducted a *de novo* review of the Report and the record, and each of the objections will be addressed in turn.

1. **Fraudulent Joinder**

"The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citation omitted). The dismissal of a complaint on statute of limitations grounds is itself a rare occurrence because "[a] statute of limitations defense must 'clearly appear on the face of the complaint.'" *Groves v. Daffin*, No. CIV.A. 8:13-00019-JM, 2014 WL 897346, at *2 (D.S.C. Mar. 6, 2014) (quoting *Richmond, Fredricksburg &*

3

*Potomac R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993)); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (noting that a statute of limitations defense "may be reached by a motion to dismiss filed under Rule 12(b)(6)" only "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint").

Furthermore, the parties should not need to delve deeply into the merits of a plaintiffs' theory at this stage, as the Court of Appeals explained in *Hartley*:

> Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

*Hartley*, 187 F.3d at 424.

Here, the plaintiffs' allegations go beyond a simple claim that McNutt was negligent in conducting the appraisals. The plaintiffs have alleged that the Bank Defendants, McNutt, and another appraiser (who is not named as a defendant) were complicit in unfair trade practices and a civil conspiracy to inflate appraisals, presumably to induce the plaintiffs to do business with the Bank Defendants. It is difficult to determine from the complaint alone when the plaintiffs objectively should have known about the alleged conspiracy and that the appraisals were negligent or fraudulent.[1] However, the Court can hardly hold this against the plaintiffs, who are under no obligation to counter affirmative defenses that have

---

[1] Significant volatility in the real estate market during the time period relevant to this action also makes the Court more hesitant than it otherwise might be to conclude, without any factual record, that the plaintiffs objectively should have known that the appraisals were negligent or fraudulent.

4

yet to be raised. [2] *See Goodman*, 494 F.3d 465-66. ("While Goodman might ultimately have to *prove* when he discovered a breach, he was not obligated to plead discovery of the breach in his complaint when the affirmative defense had yet to be demonstrated in the complaint or asserted by the defendants.") Instead, the Court must resolve all issues of law and fact in the plaintiff's favor. Having done so, the Court concludes that although the Bank Defendants have made a strong argument that some if not all of the claims against McNutt are likely barred by the statute of limitations; they have not carried the heavy burden of establishing fraudulent joinder. Accordingly, their objection is overruled.

2. **Federal Question**

Like the Magistrate Judge, this Court finds persuasive the ruling of the District Court for the Central District of California in *Bolden v. KB Home*, 618 F. Supp. 2d 1196 (C.D. Cal. 2008). The Bank Defendants argue that the plaintiffs' causes of action related to the use of the appraisals must fail under state law because banks do not have a duty of care to borrowers. The Bank Defendants then reason that because the plaintiffs' (allegedly) cannot prevail under South Carolina law, they must intend to rely on FIRREA. The Court agrees with the Magistrate Judge that the plaintiffs' complaint does not require an interpretation of FIRREA in a manner that creates a substantial federal question. (*See* Report and Recommendation 8-9, ECF No. 48.) Whether the plaintiffs' claims are

---

[2] That is not to say that affirmative defenses must be raised before the defendants can assert fraudulent joinder, and the Court agrees with the Magistrate's decision not to base his recommendation on the plaintiffs' argument in this regard. (*See* Report and Recommendation n.2, ECF No. 48.)

inadequate as a matter of South Carolina law is a question for another day and another court.

## **CONCLUSION**

Having conducted a *de novo* review of the Report and the record, the Court agrees with the Magistrate Judge and overrules the Bank Defendants' objections. For the reasons stated above, the Court adopts and incorporates by specific reference the magistrate judge's Report and Recommendation.

IT IS ORDERED, therefore, that the plaintiff's motion to remand (ECF No. 11) is GRANTED and this action is remanded to the South Carolina Court of Common Pleas, Horry County, for disposition. The Clerk of this Court is directed to forward the file along with a certified copy of this order to the Clerk of Court for Horry County.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 18, 2015
Greenville, South Carolina